## Small, to use of Small, v. Faust.

*Practice, C. P.—Judgments—Assignment—Rule to strike off—Variance in name of creditor—Amendments—Certificate of residence—Entry of certificate nunc pro tunc—Act of March 31, 1915.*

1. A judgment entered to the use of Christian A. Small will not be stricken off because it appears that the name of the assignee as written in the assignment itself is C. A. Small. The defect is one that could be cured at any time; an appellate court would even consider the name amended upon appeal.

2. The certificate required by the Act of March 31, 1915, P. L. 39, to be filed when any judgment is entered, setting forth the precise residence address of the judgment creditor, must be presented to the prothonotary when the note is offered for entry. It must be filed at the same number and term as the judgment. It must be produced and signed by the creditor or his agent or attorney. It cannot be filed *nunc pro tunc* at a later date, and a judgment entered without a proper certificate will be stricken off the record.

Rule to strike off judgment. C. P. Montour Co., Feb. T., 1925, No. 5.

*L. G. Rarig*, for rule; *Edward Sayre Gearhart*, contra.

POTTER, P. J., 17th judicial district, specially presiding, June 5, 1925.—This is a rule to show cause why the above stated judgment should not be stricken from the record. It is a well-settled principle beyond controversy that a

Small, to use of Small, v. Faust.

judgment will be stricken from the records only because of some irregularity apparent on the face of the record.

There are two reasons assigned in support of the rule, the first being as follows: "That it appears by the record that the judgment was irregularly entered, in that the last assignment was made to C. A. Small and the judgment entered thereon in the name of 'Christian A. Small, to the use of Clara A. Small, now to the use of the said Christian A. Small.'"

This judgment was entered upon a judgment single bill, under seal, dated May 10, 1915, in the sum of $150, payable three months after date to Christian A. Small, or bearer, at the Bloomsburg National Bank, containing a confession of judgment, waiver of inquisition, exemption laws, bankrupt laws, &c., and is signed by Benjamin L. Faust, the defendant. The note was entered of record and execution was issued thereon, whereupon the execution was duly stayed upon petition and the rule to strike off was granted.

Standing alone, we do not think this reason sufficient to warrant the striking off of the judgment. On Aug. 15, 1915, upon the back of the note, it was assigned to Clara A. Small and signed by Chris. A. Small, with seal attached. The second assignment is made by Clara A. Small to C. A. Small; this also being under seal, and it is this second assignment that is complained of, in that Christian A. Small and C. A. Small are not identified as one and the same person. To say the least, this is a loose manner of writing the name of the assignee. We were told at the argument that these two names mean the same person, and we think they do. The name, Christian A. Small, as the assignee, could as well have been written as the name of C. A. Small, would have required only several more pushes of the pen, would have consumed only a small fraction of a minute of time in so doing, and then there could have been no irregularity attributed in this respect. This defect could and would be cured by amendment at any stage of the proceeding, and we do not deem it sufficient to strike off the judgment. An appellate court would even consider the name amended on appeal.

The second reason assigned is as follows: "That it appears by the record that there was no compliance with the Act of March 31, 1915, P. L. 39, relative to the production and filing of a certificate of residence, 'setting forth the precise residence address of the judgment creditor.'"

Section 1 of this act is as follows: "Be it enacted, &c., that the prothonotary of each county is hereby directed not to enter any judgment unless the judgment creditor, or his duly authorized attorney or agent, produces to the prothonotary a certificate signed by the judgment creditor, or by his duly authorized agent or attorney, setting forth the precise residence address of the said creditor. The certificate shall be filed at the same number and term as the judgment."

It is admitted by the plaintiff that no such certificate was filed. We think this act is very plain in its language, and points out the duty of the plaintiff in unmistakable terms. We fail to see how its language can be misunderstood. The positive direction to the prothonotary *not to enter any judgment* unless this certificate is furnished is plain. If the prothonotary is directed *not* to do a certain act, and he, nevertheless, does it, it would hardly be considered a legal act, for the reason that he is doing precisely what he is told not to do, and for the entry of this judgment without the required certificate, the plaintiff is in the wrong far more than the prothonotary, because he is the person required to furnish it. The prothonotary can well think that if the plaintiff takes the risk of having his note entered without the certificate, it is he who must suffer the consequences for so doing. The prothonotary

Small, to use of Small, v. Faust.

takes no risk and loses nothing by it, but the plaintiff does. We have statutes upon our books directing certain acts to be done and prohibiting the doing of others. If one disregards these legislative enactments, either by commission or by omission, will he be held guiltless, or will he be permitted to profit by his neglect? We think not. If he was, then, indeed, the solemn enactments of our legislative body would become a farce and a laughing stock; there could be no stability in any attempted enforcement of our laws, and the statutes directing and controlling the affairs of men would become a dead letter on our books.

This certificate must be produced to the prothonotary by the creditor or by his agent or attorney, and by no one else, and it must be signed by the creditor or by his agent or attorney. If made out and signed by some other person than one of these three, it will not be sufficient. And it must set forth the precise residence address of the creditor. His business address will not meet the requirements of the statute. Many business men have their places of residence and their places of business in different localities and in different municipalities. They may have their business address in the heart of our larger cities and reside outside their limits. And the certificate *shall* be filed at the same number and term as the judgment.

We had, at the argument, presented to us a card made out by the Prothonotary of Montour County and signed by him, giving the name of the plaintiff and his business address, and it was maintained by the learned and respected counsel for the plaintiff that this was sufficient. From this view we very widely beg to differ, because this card was not produced nor signed by the creditor or by his agent or attorney, nor does it set out the precise residence of the plaintiff, and it is not filed or so marked to any number or term. It does not meet any of the requirements of the statute, and is worthless for the purpose for which it was offered.

At argument, the required certificate was presented to us with the request that we permit it to be filed *nunc pro tunc.* We would be very happy to permit this to be done if we had the authority so to do; but, as we view this act, this cannot be done. It must be presented to the prothonotary when the note is offered for entry, and if it is not so presented, the prothonotary is directed not to enter it. *It is to be filed at the same number and term as the judgment.* How, then, can it be filed at a later date, even should it be allowed *nunc pro tunc?* We fail to see how, in the face of this language of the statute. We must, therefore, conclude that we cannot permit the filing of the required certificate *nunc pro tunc,* and that the entry of this judgment without the necessary certificate was not in due form of law, and that the judgment must be stricken from the records.

At argument, it was stated by counsel for the plaintiff that it had never been the practice to file this certificate, and that the striking off of this judgment would jeopardize the liens of vast sums of money secured by the lien of judgments entered in the courts of this State. We can only say that if the practice heretofore on the entry of judgments has not conformed to the requirements of this statute, the sooner this error is rectified in practice, the better. We are taking this statute as we find it, and it is our duty to enforce the legislative enactments; nothing more and nothing less.

And now, to wit, June 5, 1925, in accordance with the expressions in this opinion contained, the rule is made absolute and the judgment is stricken from the records without prejudice.

And now, to wit, June 5, 1925, an exception is noted for the plaintiff and a bill is sealed.                    From Charles P. Ulrich, Selinsgrove, Pa.